## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------- x
                 :

**ROBERT WINKLES**         : **Civil Action No. _____**
**on behalf of himself and**    :
**similarly situated employees,**  :
                 : **INDIVIDUAL AND**
        *Plaintiff*,    : **COLLECTIVE/CLASS**
                 : **ACTION COMPLAINT**
           v.       :
                 :
**HARBOR FREIGHT TOOLS USA, INC.,**: **Jury Trial Demanded**
                 :
      *Defendant.*    : **Electronically Filed**
                 :
------------------------------------------------------- X

### INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT
### Nature of the Action, Jurisdiction, and Venue

1.    This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, and the Pennsylvania Wage Payment and Collection Law (WPCL)(breach of contract), 43 P.S. § 260.3, to recover damages for non-payment of wages.

2.    Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3.    The actions and policies alleged to be unlawful were committed in whole or in part in Pennsylvania, where Plaintiff worked for Defendant in a retail store, and in the western counties of Pennsylvania, including Pittsburgh, where Defendant operates multiple retail stores. This action is, therefore, within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

**Parties**

4.   **Plaintiff Robert Winkles** resides in Yeagertown, PA 17099.   Plaintiff Winkles worked for Defendant Harbor Freight Tools USA, Inc., as a Logistics Manager from in or about April 2018 until in or about Late July 2018 at Defendant's Millhall, PA, store.

5.   Plaintiff regularly performed work within the state of Pennsylvania.

6.   **Defendant Harbor Freight Tools USA, Inc.,** an American privately held discount tool and equipment retailer with stores throughout the United States, maintains its corporate headquarters at 26541 Agoura Road, Calabasas, CA 91302, and operates stores in the Commonwealth of Pennsylvania. Harbor Freight operates a chain of retail stores as well as mail-order and eCommerce business. Harbor Freight has over 900 stores in 47 states.

7.   At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has employees engaged in interstate commerce and the production of goods in interstate commerce and has been subject to the provisions of Section 203(s)(1) of the FLSA.

8.   Defendant employs in excess of 500 full time employees.

9.   Defendant has annual revenues in excess of $5 Billion.

10.   Defendant has regularly employed individuals in the state of Pennsylvania, including Plaintiff, in the performance of work on behalf of Defendant and is, therefore, subject to the provisions of the PMWA and the WPCL.

**Statement of Claims**

11.   Plaintiff was a Logistics Manager.

12.   As a Logistics Manager Plaintiff's primary duty was merchandising.

13.    There are at least 500 other Logistics Managers who have worked for Defendant, performing the same primary duty as Plaintiff, at stores throughout Pennsylvania and the other states.

14.    Plaintiff was a W-2 employee.

15.    Plaintiff was an employee within the meaning of the FLSA and PMWA.

16.    Plaintiff reported to the Millhall, PA, store.

17.    Plaintiff typically was scheduled to work 5 shifts each week.

18.    Each shift was ostensibly 8.5 hours.

19.    Plaintiff was paid an hourly wage ($20.50/hour).

20.    Plaintiff was non-exempt within the meaning of the FLSA and PMWA.

21.    Plaintiff regularly worked more than 40 hours in workweeks.

22.    Plaintiff was entitled to payment of overtime at one-and-one-half times his regular rate of pay for the hours worked in excess of forty hours in workweeks.

23.    Plaintiff clocked in and clocked out each day by entering into a company computer time-keeping system when he started to work, when – if at all - he took a lunch break, and when he stopped working at the end of the day.

24.    Plaintiff was told by management that it was "company policy" that he was required to clock out 30 minutes each day for lunch regardless of whether he actually was able to take a lunch break.

25.    Plaintiff was also told by management that this policy (being required to clock out for lunch regardless of whether the lunch break was taken) was in effect in order to make sure Plaintiff did not go over 40 hours of recorded work time in a workweek.

26.     Plaintiff was also told this "policy" (par. 24 and 25, above) applied to the Logistics Managers not just at Plaintiff's store but at all of the stores throughout the United States.

27.     Defendant, a sophisticated employer with knowledge of its obligations under the FLSA and the PMWA, understood it was required to maintain accurate records of time worked by Plaintiff and the other Logistics Managers.

28.     Notwithstanding this knowledge (par. 27) Defendant knowingly and intentionally falsified the time records of Plaintiff and the other Logistics Managers.

29.     Specifically, as a matter of common policy, custom and practice Defendant required Plaintiff and the other Logistics Managers to clock out for 30 minutes each workday regardless of whether the Logistics Managers did or did not take an uninterrupted lunch break.

30.     Defendant knew that as result of this common policy, custom and practice that Plaintiff and the other Logistics Managers were frequently working through their lunch breaks even though they had clocked out for these breaks and that they were not being paid for this work time.

31.     Defendant would also, as a matter of common policy, custom and practice, manually override (alter) the time entries made by Plaintiff and the other Logistics Managers when Plaintiff and the other Logistics Managers would not take an uninterrupted lunch break and would not clock out for the lunch break.

32.     Defendant regularly suffered and permitted Plaintiff and the other Logistics Managers to work off-the-clock during the "lunch breaks."

33.     Defendant regularly altered the time records of Plaintiff and the other Logistics Managers to remove recorded work time during the "lunch breaks."

34.     The most common way Defendant would alter the time records was to add a 30-minute "lunch break" each day to Plaintiff and the other Logistics Managers' time records.

35.    Defendant suffered and permitted Plaintiff and the other Logistics Managers to work off-the-clock during "lunch breaks" and altered Plaintiff's and the other Logistics Managers' time records in order to avoid having to pay Plaintiff and the other Logistics Managers straight time and overtime.

36.    Defendant's common policy, custom and practice of failing to maintain accurate records of time worked by Plaintiff and the other Logistics Managers, suffering and permitting Plaintiff and the other Logistics Managers to work off-the-clock and falsifying Plaintiff's and the other Logistics Managers' time records were and are a violation of the FLSA and PMWA.

37.    Defendant has knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked, and at 29 U.S.C. §207(a) that it pay for overtime worked.

38.    Defendant has also violated PA common law and the Pennsylvania Wage Payment and Collection Law (WPCL) by breaching its contractual duty to pay Plaintiff and the other Logistics Managers working in Pennsylvania their promised wages.

39.    Specifically, by denying Plaintiff and the other Logistics Managers in Pennsylvania their straight time wages Defendant breached its contractual obligation to pay Plaintiff and the other Logistics Managers in Pennsylvania the hourly wage promised for their work.

40.    Defendant did not have any good-faith basis on which to not pay the wages earned.

41.    As a result of Defendant's breaches, Plaintiff and the other Logistics Managers in Pennsylvania have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

42.    In turn, Defendant has violated the WPCL by not paying the wages promised and earned.

43.    Defendant's violations of the FLSA, PMWA and WPCL have been knowing, willful and

in reckless disregard of the FLSA, PMWA and WPCL.

**Collective/Class Action Averments**

44.     There are and have been at least 500 other Logistics Managers employed by Defendant in stores throughout the United States since July 2016.

45.     There are and have been at least 75 other Logistics Managers employed by Defendant in stores in Pennsylvania since July 2016.

46.     The similarly situated employees on whose behalf this collective/class action is being brought are all Logistics Managers employed by Defendant in the United States since July 2016.

47.     The other Logistics Managers have performed the same primary duties as Plaintiff, namely, merchandising.

48.     The other Logistics Managers have been W-2 employees.

49.     The other Logistics Managers are and have been, like Plaintiff, paid an hourly wage (typically $18 to $20 per hour).

50.     The other Logistics Managers are and have been, like Plaintiff, employees within the meaning of the FLSA and PMWA.

51.     The other Logistics Managers are and have been, like Plaintiff, non-exempt within the meaning of the FLSA and PMWA.

52.     The other Logistics Managers have, like Plaintiff, regularly worked and continue to regularly work more than 40 hours in workweeks.

53.     The other Logistics Managers are and have been, like Plaintiff, subjected to the same common policies, customs and practices (par. 24 and 25, above) by Defendant that result in the falsification of time records and the denial of straight time and overtime pay

otherwise worked and owed.

54.     Defendant has knowingly and intentionally failed to pay the other Logistics Managers for their overtime hours either at the straight rate or proper overtime rate.

55.     Defendant's failure to pay overtime due to the other Logistics Managers employed by Defendant over the past three years at the stores throughout the United States, and the stores in Pennsylvania, and its failure to maintain accurate records of time worked,  has been in violation of the FLSA and, for the Pennsylvania Logistics Managers, the PMWA.

56.     Defendant has knowingly and intentionally violated the FLSA and PMWA with respect to the failure to pay overtime and straight rate time, and the failure to maintain accurate time records, at the stores throughout the United States.

## <u>COUNT I:  VIOLATION OF THE FLSA: OVERTIME</u>
## <u>Individual and Collective Action</u>

57.     Plaintiff incorporates by reference the preceding paragraphs of this complaint.

58.     Plaintiff and the similarly situated Logistics Managers (see Pars. 44-46, above) are employees of Defendant within the meaning of the FLSA.

59.     Defendant is an employer within the meaning of the FLSA.

60.     Plaintiff and the similarly situated Logistics Managers are and have been paid an hourly rate.

61.     Plaintiff and the similarly situated Logistics Managers have regularly worked more than forty hours per week (overtime work).

62.     As a matter of common policy, custom and practice Defendant has failed to pay overtime compensation to Plaintiff and the similarly situated Logistics Managers for all hours of

overtime.

63.     As a matter of common policy, custom and practice Defendant has failed to pay straight rate compensation in overtime weeks to Plaintiff and the similarly situated Logistics Managers.

64.     As a matter of common policy, custom and practice Defendant has failed to maintain accurate records of time worked for Plaintiff and the similarly situated Logistics Managers.

65.     Plaintiff and the similarly situated Logistics Managers have been non-exempt within the meaning of the FLSA.

66.     Defendant's failure to pay overtime at the proper rate, or all straight rate owed in overtime weeks,  to Plaintiff and the similarly situated Logistics Managers has violated and continues to violate the FLSA.

67.     For at least the past three years, Defendant's violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

68.     Plaintiff and the similarly situated Logistics Managers are entitled to recover from Defendant the overtime pay, and the straight rate pay in overtime weeks, improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

69.     Plaintiff and the similarly situated Logistics Managers are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

## COUNT II:  VIOLATION OF THE PMWA: OVERTIME
### Individual and Class Action

70.     Plaintiff incorporates by reference the preceding paragraphs of this complaint.

71.   Plaintiff and the similarly situated Logistics Managers in Pennsylvania are employees of Defendant within the meaning of the PMWA.

72.   Defendant is an employer within the meaning of the PMWA.

73.   Plaintiff and the similarly situated Logistics Managers in Pennsylvania have been paid an hourly rate.

74.   Plaintiff and the similarly situated Logistics Managers in Pennsylvania are and have been non-exempt within the meaning of the PMWA.

75.   Plaintiff and the similarly situated Logistics Managers have regularly worked more than forty hours per week.

76.   Defendant has failed to pay overtime compensation to Plaintiff and the similarly situated Logistics Managers for all hours of overtime, and for all hours at the straight rate during overtime weeks.

77.   Defendant's failure to pay overtime to Plaintiff and the similarly situated Logistics Managers employed in Pennsylvania violates the PMWA.

78.   Defendant's failure to maintain accurate records of time worked for Plaintiff and the similarly situated Logistics Managers employed in Pennsylvania violates the PMWA.

79.   Plaintiff and the similarly situated Logistics Managers employed in Pennsylvania are entitled to recover from Defendant the overtime pay, and straight rate pay in overtime weeks, improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

## COUNT III:  BREACH OF CONTRACT
## Individual and Class Action (PA)

80.     Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

81.     When Defendant hired Plaintiff and the similarly situated Logistics Managers in Pennsylvania Defendant made definite, clear promises to pay a certain hourly rate for hours worked.

82.     Those promises created enforceable contractual obligations.

83.     Plaintiff and the similarly situated Logistics Managers in Pennsylvania provided consideration for those promises by promising to deliver and actually delivering valuable services to Defendant.

84.     Despite its contractual obligation to compensate Plaintiff and the similarly situated Logistics Managers in Pennsylvania for work performed, Defendant breached those contractual obligations when it falsified time records and suffered and permitted Plaintiff and the similarly situated Logistics Managers in Pennsylvania to work without compensation.

85.     The monies denied to Plaintiff and the similarly situated Logistics Managers in Pennsylvania represent wages.

86.     Defendant did not have any good-faith basis on which to withhold the wages.

87.     As a result of Defendant's breaches, Plaintiff and the similarly situated Logistics Managers in Pennsylvania have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

88.     Plaintiff and the similarly situated Logistics Managers in Pennsylvania are entitled to

damages commensurate with the unpaid wages, plus interest, plus compensatory damages resulting from the breach.

## COUNT IV:  VIOLATION OF THE WPCL
### Individual and Class Action (PA)

89.    Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

90.    Defendant's contractual obligation to pay Plaintiff and the similarly situated Logistics Managers for hours worked each hour at an agreed upon amount created obligations under the WPCL, 43 P.S. § 260.1 *et seq*.

91.    The compensation Defendant failed to pay to Plaintiff and the similarly situated Logistics Managers for hours worked constitutes wages within the meaning of the WPCL.

92.    Defendant violated the WPCL by failing to pay the promised wages for work Plaintiff and the similarly situated Logistics Managers in Pennsylvania performed.

93.    Defendant did not have any good-faith basis for withholding the promised wages.

94.    Plaintiff and the similarly situated Logistics Managers in Pennsylvania are entitled to unpaid wages as well as statutory penalties (25% of unpaid wages), pre-judgment and post-judgment interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

95.    WHEREFORE, Plaintiff and the similarly situated Logistics Managers respectfully request that this Court:

    A. Order Defendant to pay the unpaid overtime compensation, and unpaid straight rate compensation in overtime weeks,  owed under the FLSA and PMWA;

B.  Order Defendant to pay liquidated damages owed under the FLSA;

C.  Order Defendant to pay unpaid wages for Defendant's breach of contract (PA) and violation of Pennsylvania wage law (WPCL);

D.  Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and the similarly situated Logistics Managers; and

E.  Grant such further relief as the Court deems necessary and proper.


Respectfully submitted,


_s/Joseph H. Chivers_____
Joseph H. Chivers, Esq.
PA ID No. 39184
The Employment Rights Group, LLC
First & Market Building
Suite 650
100 First Avenue
Pittsburgh, PA  15222
jchivers@employmentrightsgroup.com
Tel: (412) 227-0763
Fax: (412) 774-1994

*Counsel for Plaintiff*
*and all others similarly situated*

Dated: July 10, 2019